UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CALVIN SCOTT WEDINGTON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHALS,<br><br>Defendant. | Civil No. 09-1019 (JRT/FLN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a prisoner at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"), commenced this action by filing a complaint in the United States District Court for the District of Maryland. The case was transferred to this District, because Plaintiff's claims are based on events that allegedly occurred in Minnesota. (See Memorandum and Order dated April 22, 2009, [Docket Nos. 16 and 17].)

After the case was transferred to this District, the Court reviewed the record, and found Plaintiff's original complaint to be defective, because it did not clearly identify the legal basis for his claims. Plaintiff was therefore ordered to file an amended complaint by no later than June 1, 2009. (See Order dated May 4, 2009, [Docket No. 20].)

Plaintiff did file an amended complaint as ordered, and the case is now before the court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's amended complaint fails to state any cause

---

[1] The initial screening process was delayed by several months, because Plaintiff filed a Notice of Appeal on May 8, 2009, (Docket No. 21), and all further District Court proceedings in this matter were stayed until after Plaintiff's appeal was dismissed.

of action that can properly be adjudicated in federal court at this time. The Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A.

## I. BACKGROUND

Plaintiff's current lawsuit stems from an incident that allegedly occurred while he was being transported to FMC-Rochester in March 2005. According to the amended complaint, Plaintiff's prison transfer was effected by certain unidentified employees of the United States Marshal Service. Plaintiff claims that one of those Marshal Service employees took his wallet away from him, and failed to return it. Plaintiff is now attempting to sue that one Marshal Service employee. The amended complaint does not identify the Defendant by name, but refers to him only as "United States Marshal" or "United States Marshals."

Plaintiff has summarized his claim as follows:

> "Petitioner is attempting to sue the individual that delivered petitioner to FMC Rochester on March 17, 2005 because that U.S. Marshal confiscated plaintiffs [sic] wallet containing driver's license, merchant seaman I.D., and jet pilot's licence along with 203 of the $5,500,000 billion trillion ton dollar bills and a few $1,000.00 dollar bills."

(Amended Complaint, p. 1.)

Plaintiff's amended complaint clearly indicates that this action is brought under both the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 2671 et seq., and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Amended Complaint, p. 1.) Plaintiff is seeking a judgment "for the sum of 203 of the $5,500,000 billion trillion ton dollar bills that plaintiff had on his person at the time of the theft by defendant." (Id., p. 4.)

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government employee, his pleading must undergo preliminary screening pursuant to 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"). Subsection 1915A(a) requires federal courts to review the pleadings in every prisoner action against governmental entities and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the prisoner's complaint fails to state a cognizable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, the Court finds that Plaintiff has not stated an actionable claim that can survive the preliminary screening requirements of § 1915A. Neither Plaintiff's FTCA claim, nor his Bivens claim, can be entertained at this time.

### A. FTCA Claim

Plaintiff is seeking relief under the FTCA, based on his allegation that a federal employee wrongfully deprived him of certain personal property. He claims that a Marshal Service employee wrongly "confiscated" his wallet while he was being transferred to FMC-Rochester, and failed to return it. Plaintiff is seeking compensation under the FTCA for the alleged misappropriation and wrongful detention of his property by a federal employee.

The FTCA provides an express waiver of the federal government's sovereign immunity for claims based on certain torts committed by federal employees. United States v. Orleans, 425 U.S. 807, 813 (1976). However, the FTCA provides only a limited waiver of sovereign immunity, (id.), and that waiver does not extend to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any

3

goods, merchandise or other property by any officer of customs or excise or any other law-enforcement officer." 28 U.S.C. § 2680(c) (emphasis added).

Federal courts have frequently and consistently held that United States Marshals are "law-enforcement officers" for purposes of the FTCA. See e.g., Schlaebitz v. U.S. Dept. Of Justice, 924 F.2d 193, 194-95 (11th Cir. 1991); Deutsch v. United States, No. 99-CV-8173 (ETB), (E.D.N.Y. 2004), 2004 WL 633236 at **7-8; Navarro-Jauregui v. United States, Civil Action No. 1:08cv864 (E.D.Tex 2009), 2009 WL 2590228 at **2-3. The United States Supreme Court recently removed any possible doubts about the matter. In Ali v. Federal Bureau of Prisons, 128 S.Ct. 831 (2008), the Court plainly declared that "the broad phrase 'any other law enforcement officer,'" as used in § 2680(c), "covers all law enforcement officers." Id. at 833 (emphasis added).

Here, it clearly appears on the face of the amended complaint that Plaintiff is attempting to bring an FTCA claim based on allegations that a United States Marshal wrongfully took and detained some of his personal property. Because Plaintiff's property allegedly was taken and detained by a federal law enforcement officer (for purposes of § 2680(c)), his amended complaint does not state an actionable FTCA claim.

B. Bivens Claim

Plaintiff is also seeking relief under Bivens, claiming that Defendant violated his Fourth Amendment rights by seizing his property without a warrant. Bivens provides a remedy to a person whose federal constitutional rights have been violated by someone acting under color of federal law. Buford v. Runyon, 160 F.3d 1199, 1203, n. 6 (8th Cir. 1998) ("[a] Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations

of constitutionally protected rights"); Bishop v. Tice, 622 F.2d 349, 353-54 (8th Cir. 1980) ("[a]n individual officer of government may be personally liable for damages for actions that have deprived the plaintiff of his constitutional rights"). However, a Bivens claim can be brought only against an individual federal employee in his individual capacity. F.D.I.C. v. Meyer, 510 U.S. 471, 484 (1994) (Bivens "held that an individual injured by a federal agent's alleged violation of the Fourth Amendment may bring an action for damages against the agent," but not against the agency for which the agent was working) (emphasis added). Thus, Plaintiff can attempt to bring a Bivens claim only against the individual federal employee who allegedly seized his property.

However, Plaintiff apparently does not know the name and true identity of the individual federal employee who allegedly took his wallet. Furthermore, it appears unlikely that Plaintiff will be able to discover the true identity of the individual Marshal Service employee who he is attempting to sue – especially at this late date, more than four years after the alleged incident giving rise to Plaintiff's Bivens claim.

Plaintiff has not suggested any way that he might discover the name and true identity of the individual that he is attempting to sue, and the Court sees no readily available means of obtaining that information. If Plaintiff is not able to identify the individual who he is trying to sue, then he obviously will not be able to effect service of process on that individual. Without valid service of process, the Court will lack personal jurisdiction over that individual. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).

Because it appears that Plaintiff will not be able to effect service of process on the only Defendant in this case, and thus the Court will not be able to exercise personal

5

jurisdiction over Defendant, the Court will recommend that Plaintiff's Bivens claim be summarily dismissed without prejudice. Absent some specific and plausible explanation of how Plaintiff expects to learn the true identity of the Defendant in this case, so that service of process can be effected on that person, the Court should dismiss the Bivens claim without prejudice. See Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982) ("if it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, [footnote omitted] the court could dismiss the action without prejudice"), (cited with approval in Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985)).

### III. CONCLUSION

For the reasons discussed above, it will be recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). The Court specifically recommends that Plaintiff's FTCA claim be dismissed with prejudice, and that Plaintiff's Bivens claim be dismissed without prejudice.

### IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's claims brought under the Federal Tort Claims Act be **DISMISSED WITH PREJUDICE**; and

2. Plaintiff's claims brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), be **DISMISSED WITHOUT PREJUDICE**.

Dated: October 13 , 2009

                                                s/ *Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 27, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.